# SUPREME COURT OF THE UNITED STATES

### AMERICAN CIVIL LIBERTIES UNION *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES FOREIGN INTELLIGENCE SURVEILLANCE COURT OF REVIEW

No. 20–1499.　Decided November 1, 2021

The petition for a writ of certiorari is denied.

JUSTICE GORSUCH, with whom JUSTICE SOTOMAYOR joins, dissenting from the denial of certiorari.

In response to allegations of wrongdoing by the Nation's intelligence agencies, in 1975 Congress convened a select committee chaired by Senator Frank Church to investigate. See S. Rep. No. 94–755, p. v (1976). Ultimately, the Church committee issued a report concluding that the federal government had, over many decades, "intentionally disregarded" legal limitations on its surveillance activities and "infringed the constitutional rights of American citizens." *Id.*, at 137.

In the wake of these findings, Congress enacted the Foreign Intelligence Surveillance Act of 1978. See 92 Stat. 1783 (codified at 50 U. S. C. §1801 *et seq*.). The statute created the Foreign Intelligence Surveillance Court (FISC) and empowered it to oversee electronic surveillance conducted for foreign intelligence purposes. See §1803(a). The statute also created the Foreign Intelligence Surveillance Court of Review (FISCR) to hear appeals from the FISC's rulings. The FISC now comprises 11 Article III federal district court judges, and the FISCR comprises 3 additional Article III judges. §§1803(a)–(b).

With changes in technology and thanks to various legislative amendments, these courts have come to play an increasingly important role in the Nation's life. Today, the

FISC evaluates extensive surveillance programs that carry profound implications for Americans' privacy and their rights to speak and associate freely. See, *e.g.*, *ACLU* v. *Clapper*, 785 F. 3d 787, 818 (CA2 2015). Like other courts, the FISC may announce its rulings in opinions that explain its interpretation of relevant statutory and constitutional law. Unlike most other courts, however, FISC holds its proceedings in secret and does not customarily publish its decisions. See §1803(c); *In re Motion for Release of Court Records*, 526 F. Supp. 2d 484, 488 (FISC 2007).

In 2016, the American Civil Liberties Union (ACLU) sought to test this practice. It filed motions with the FISC asserting that the First Amendment provides a qualified right of public access to opinions containing significant legal analysis—even if portions must be redacted. App. to Pet. for Cert. 21a. The ACLU argued that the FISC had authority to consider its motion pursuant to its inherent "power over its own records and files." *Id.*, at 18a (internal quotation marks omitted). The organization noted that other courts have a long history of exercising just this power to ensure public access to their judicial decisions. In the end, however, both the FISC and the FISCR refused the ACLU's request. In fact, they refused even to consider the question, claiming they lacked authority to do so. *Id.*, at 2a–7a (citing 50 U. S. C. §1803(k); 28 U. S. C. §1254(2)).

Now the ACLU has filed a petition for certiorari asking this Court to review these decisions. In response, the government does not merely argue that the lower court rulings should be left undisturbed because they are correct. The government also presses the extraordinary claim that this Court is powerless to review the lower court decisions even if they are mistaken. On the government's view, literally *no court* in this country has the power to decide whether citizens possess a First Amendment right of access to the work of our national security courts.

Today the Court declines to take up this matter. I would

GORSUCH, J., dissenting

hear it. This case presents questions about the right of public access to Article III judicial proceedings of grave national importance. Maybe even more fundamentally, this case involves a governmental challenge to the power of this Court to review the work of Article III judges in a subordinate court. If these matters are not worthy of our time, what is? Respectfully, I dissent.